**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| JOHN LEVERS, | * | |
| Plaintiff, | * | |
| v | * | Civil Action No. RWT-09-2511 |
| CHARLA HUDSON, | * | |
| Defendant. | * | |

**MEMORANDUM OPINION**

On September 24, 2009, Plaintiff filed a Complaint alleging a due process violation and seeking compensation for damages arising from Defendant's alleged use of false information to "obtain a request for a probation and parole violation." (Compl. 3.) Defendant is Plaintiff's "parole agent." *Id.*

The Complaint provides no details regarding the proceedings against Plaintiff for violation of probation or parole. Plaintiff's Complaint does not indicate whether he has been found guilty of violating probation or parole and, if so, what evidence was presented and by whom. Plaintiff's Complaint also fails to state whether he has appealed any findings of guilt based on the allegation that his parole agent used false information. Thus, to the extent the instant claim challenges the validity of either a violation of probation or a violation of parole proceeding, Plaintiff has failed to establish that he has exhausted available state remedies. Plaintiff's claim that he has been denied due process can only be established if he has availed himself of all state remedies regarding the Defendant's alleged improper conduct.

In addition to Plaintiff's possible failure to exhaust, it is unclear from the Complaint whether the proceeding during which the Defendant allegedly provided false information was quasi-judicial in nature. If the proceeding was quasi-judicial, then Defendant may be entitled to

absolute immunity.  *See Turner v. Barry*, 856 F.2d 1539 (D.C. Cir.1988) (D.C. probation officers immune from suit); *Freeze v. Griffith*, 849 F.2d 172 (5th Cir. 1988) (state probation officers immune from suit); *Dorman v. Higgins,* 821 F.2d 133 (2d Cir. 1987) (federal probation officers immune from suit); *Tripati v. INS,* 784 F.2d 345 (10th Cir. 1986) (federal probation officers immune from suit); *Demoran v. Witt,* 781 F.2d 155 (9th Cir. 1986) (state probation officers immune from suit); *Hughes v. Chesser,* 731 F.2d 1489 (11th Cir. 1984) (state probation officers immune from suit).  In light of these noted deficiencies, the Complaint shall be dismissed without prejudice.

    A separate Order follows.

October 1, 2009                                                  /s/                         _
                                                           ROGER W. TITUS
                                        UNITED STATES DISTRICT JUDGE